```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BOBBY R. STAGGS,                )
                                )
     Plaintiff,                 )
                                )
          v.                    )    NO.  3:05-0145
                                )
JO ANNE BARNHART, Commissioner,)     Judge Wiseman/Brown
Social Security Administration,)
                                )
     Defendant.                 )

**TO: The Honorable Thomas A. Wiseman, Jr.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

For the reasons stated below, the Magistrate Judge **recommends** that this case be **dismissed** without prejudice for failure to prosecute and to follow Court orders.

### II. BACKGROUND

The plaintiff filed this appeal from the denial of Social Security benefits in forma pauperis on February 23, 2005, and service of process was obtained on the Government (Docket Entry Nos. 4, 5, and 6).

Thereafter, the Commissioner filed a certified transcript of this matter on April 29, 2005 (Docket Entry No. 7), and the Magistrate Judge subsequently directed the plaintiff to file a motion for judgment on the administrative record within 30 days of the entry of the Magistrate Judge's order. The order was entered on May 3, 2005 (Docket Entry No. 8).

Thereafter, mail addressed to Mr. Staggs was returned as undeliverable (Docket Entry No. 9), and the Government notified the Court of the address error (Docket Entry No. 10). It appeared initially that a Bernice Foster in Hendersonville, Tennessee, was assisting the plaintiff with his case. It further appears that she was not an attorney and had subsequently moved with no forwarding address. The Government was requested to see if they could locate Mr. Staggs, inasmuch as there did appear to be a telephone number for him. Mr. Staggs was given 45 days from the time the Government was able to contact Mr. Staggs and forward him a copy of the administrative record in this case (Docket Entry No. 11). The Magistrate Judge was subsequently notified by the Commissioner that the plaintiff, Mr. Staggs, had been located at a Hermitage, Tennessee address and that he had been advised that he had 45 days within which to file his motion for a judgment (Docket Entry No. 12, entered May 24, 2005).

Unfortunately, the plaintiff did not file either a brief or request any extension of time by this deadline, and the Government requested that the plaintiff be directed to show cause why his case should not be dismissed (Docket Entry No. 15). The Magistrate Judge granted this motion and directed Mr. Staggs to either file the required brief or to show cause why he needed additional time. Mr. Staggs was specifically warned that failure to either file a brief or request additional time would result in

2

a recommendation that his case be dismissed for failure to prosecute and failure to obey Court orders (Docket Entry No. 16).

**III. LEGAL DISCUSSION**

The sanction of dismissal of a case either with or with prejudice is a severe one and should not be employed lightly. Specifically, the Sixth Circuit has applied a four part test. <u>Tetro v. Elliott Popham, Pontiac, Oldsmobile, Buick and GMC Trucks, Inc.</u>, 173 F.3d 988 (6th Cir. 1999). The Court should determine (1) whether the failure to comply was wilful or made in bad faith; (2) whether there is prejudice to the other party; (3) whether the party has been warned of the possibility of dismissal; and (4) whether the Court has considered less drastic actions.

In this matter, the Magistrate Judge has considered the fact that the plaintiff has been given specific instructions on when to file his pleadings and the possibility of requesting a delay. In this case, the plaintiff has taken no action whatever to respond to the Court or to comply with the scheduling order in this matter. The initial delay was apparently due to the plaintiff thinking that another person was assisting him with this. However, that delay was corrected and the plaintiff was specifically advised of the necessity for him to either file the matter within certain time limits or to request an extension of time. Second, prejudice to the Government is not severe, inasmuch as the administrative record has been filed, however, the case has to remain open until

3

such time as the plaintiff files a motion for judgment. Third, the plaintiff has specifically been warned that failure to comply with the Court's order by either filing a brief or requesting an extension will result in a recommendation that his case be dismissed. Finally, the Magistrate Judge has considered other remedies, however, as a practical matter there is really nothing else the Court can do, since the plaintiff has failed either to request additional time or to file the necessary brief. Without the plaintiff's pleadings, the case is at a standstill and may not proceed.

While the Magistrate Judge is certainly aware that the plaintiff is pro se, nevertheless, the Magistrate Judge has provided him with a telephone number for Legal Aid where he might seek legal assistance and has advised him of the possibility of requesting a delay, should he need more time. So far, the plaintiff has not communicated with the Court in any way. Under these circumstances, the Magistrate Judge reluctantly concludes that this case should be dismissed without prejudice. Of course, should the plaintiff in objecting to this Report and Recommendation show a valid reason why he has not been able to comply with the Court orders, the Magistrate Judge would certainly not be offended if this Report and Recommendation were rejected.

## IV. RECOMMENDATION

For the reasons state above, the Magistrate Judge

4

**recommends** that this case be **dismissed** without prejudice for failure to prosecute and to follow Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this        day of August, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge